Elliott J. Williams, OSB No. 144835
elliott.williams@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MATTHEW SCOTT BRAUER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>McMENAMINS INC.,<br><br>　　　　Defendant. | Case No.: 3:22-cv-01078-YY<br><br>DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Defendant, McMenamins Inc. ("McMenamins"), by and through its undersigned counsel, hereby answers Plaintiff's Complaint. McMenamins denies all allegations set forth in the Complaint except to the extent such allegations are specifically admitted below.

## SUMMARY OF THE ACTION

1.　　Defendant denies the allegations in Paragraph 1.

Page 1　-　DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and therefore denies those allegations.

3. Defendant admits that its McMenamins brand of historic hotels and microbreweries are located throughout Oregon and Washington states and that it owns the website www.mcmenamins.com, which references more than 50 establishments. The remaining allegations of this paragraph are denied.

4. Defendant denies the allegations in paragraph 4.

## JURISDICTION AND VENUE

5. Defendant admits that Plaintiff's copyright claim arises under the Copyright Act, 17 U.S.C. § 501. The remaining allegations in paragraph 5 are legal conclusions that require no response. To the extent any further response is required, the allegations are denied.

6. Defendant admits the Court has subject matter jurisdiction over these claims.

7. Defendant admits that it is subject to personal jurisdiction in Oregon.

8. Defendant admits that venue is proper in this district because Defendant resides and is subject to personal jurisdiction in this district. The remaining allegations in paragraph 5 are legal conclusions that require no response. To the extent any further response is required, the allegations are denied.

## DEFENDANT

9. Defendant admits it is an Oregon Corporation, with its principal place of business at 430 N. Killingsworth Street, Portland, Oregon, 97217 and Mr. Brian McMenamin as registered agent. The remaining allegations of this paragraph are legal conclusions that require no response. To the extent a response is required, the allegations are denied.

## THE COPYRIGHTED WORK AT ISSUE

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 and therefore denies those allegations.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 and therefore denies those allegations.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 and therefore denies those allegations.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and therefore denies those allegations.

## THE COPYRIGHTED WORK AT ISSUE

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 and therefore denies those allegations.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 and therefore denies those allegations.

21. The allegations set forth in paragraph 21 are legal conclusions that require no response; to the extent a response is required, Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant admits that the parties discussed settlement prior to Plaintiff filing the complaint, but the parties have not yet resolved this matter. Defendant lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 23 and therefore denies those allegations.

## COUNT I
## COPYRIGHT INFRINGEMENT

24. Defendant incorporates and re-alleges its responses to paragraphs 1 through 23 of the Complaint, as stated above.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and therefore denies those allegations.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 and therefore denies those allegations.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

## PRAYER FOR RELIEF

No factual allegations are made herein, and therefore no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested judgment and relief.

## DEFENSES

No relief against Defendant is proper, and any allegation, expressed or implied by Plaintiff's Complaint, that is not specifically admitted in this Answer is denied. Further answering and responding to Plaintiff's Complaint, Defendant alleges the following defenses,

but does not assume any burden or production or persuasion not required by applicable law by characterizing them as such:

    a.    One or more of Plaintiff's claims fail to state a claim upon which relief can be granted.

    b.    Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

    c.    Plaintiff is barred from seeking statutory damages or attorneys' fees pursuant to 17 U.S.C. § 412. Plaintiff's effective date of registration did not occur before commencement of the infringement because, on information and belief, the accused use of Plaintiff's Work commenced when the New York Times published the Work on or around December 2017, prior to Plaintiff's registration of its Work.

    d.    Any alleged infringement was innocent insofar as Defendant was not aware and had no reason to believe that its acts constituted an infringement of copyright, pursuant to 17 U.S.C. § 504(c)(2).

    e.    Plaintiff's claim is barred by laches, estoppel, and the statute of limitations.

    f.    Plaintiff's claim is barred by unclean hands because it has demanded damages far exceeding what it could expect in good faith to recover, including based on the licensing fees that Plaintiff has obtained for the Work.

    g.    Plaintiff's damages, if any, are limited by the amount of licensing income that Plaintiff obtained from the New York Times' original publication of the Work on or around December 2017.

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court:

A. Enter judgment in Defendant's favor on each of Plaintiff's claim[s], dismissing the claim[s] with prejudice.

B. Award Defendant its reasonable costs and fees, including attorneys' fees pursuant to 17 U.S.C. § 505.

C. Grant Defendant such other and further relief as the Court may deem just and proper.

DATED: September 23, 2022.

STOEL RIVES LLP


*/s/Elliott J. Williams*
ELLIOTT J. WILLIAMS, OSB No. 144835
elliott.williams@stoel.com
Telephone: 503.224.3380

Attorneys for Defendant